# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>SX MANAGEMENT, LLC, a limited liability corporation, d/b/a STORExpress; STEVEN MITNICK, individually, and as President and/or owner of SX MANAGEMENT, LLC; EDMOND MCKEAN, individually and as an employee of SX MANAGEMENT, LLC.,<br><br>Defendants. | Civil Action No. _____ |

## COMPLAINT

Plaintiff, R. Alexander Acosta, Secretary of Labor, brings this action to enjoin Defendants, SX MANAGEMENT, LLC ("SX"), STEVEN MITNICK ("Mitnick"), and EDMOND MCKEAN ("McKean"), collectively hereinafter referred to as "Defendants," from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, hereinafter referred to as "the Act," and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant SX is a limited liability corporation duly organized under the laws of the Commonwealth of Pennsylvania, with an office and main place of business at 100 Hafner Avenue, Etna, Pennsylvania 15223, within the jurisdiction of this Court. SX is headquartered at that location. SX has eight total locations in Allegheny and Westmoreland counties that provide self-storage and related services. SX is also known as STORExpress. Defendant SX regulated the employment of all persons it employed, including workers performing construction and maintenance work at SX's facilities who received their pay through McKean; managed daily operations of all persons it employed; acted directly and indirectly in the company's interest in relation to the employees; and is thus an employer of said employees within the meaning of Section 3(d) of the Act.

3. Defendant Mitnick is the president and sole owner of SX. During the relevant period, Mitnick actively controlled and managed SX; regulated the employment of persons employed at SX; acted directly and indirectly in the interest of SX in relation to the employees, including but not limited to meeting with McKean on a regular basis to review assignments and progress of construction and maintenance work at SX's facilities; substantially controlled the terms and conditions of their employment, including but not limited to imposing certain workplace policies on employees; and thus is an employer of said employees within the meaning of Section 3(d) of the Act.

4. Defendant McKean is an employee of SX. During the relevant period, McKean directed the work of construction and maintenance employees at SX; acted directly and indirectly in the interest of SX in relation to those employees, including but not limited to directly paying wages to employees and supervising employees on a daily basis; substantially

controlled the terms and conditions of their employment; and is thus an employer of said employees within the meaning of Section 3(d) of the Act.

5. The business activities of Defendants, as described, are and were related and performed through unified operation or common control for a common business purpose of providing storage space and related services and constitute an enterprise within the meaning of Section 3(r) of the Act.

6. At all times hereinafter mentioned, Defendants have employed and are employing employees in and about SX's place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including the storage of goods that have travelled across state lines and handling of materials that have travelled across state lines, such as protective packaging materials manufactured in China, by at least two of Defendants' employees. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

7. Defendants' employees constructed and/or maintained SX's facilities within the jurisdiction of this Court. During the relevant time period, the employees worked as laborers, welders, painters, and performed other construction and maintenance work at SX's facilities.

8. Defendants have willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by failing to pay employees working as laborers, welders, painters, and performing other construction and maintenance work, in an enterprise engaged in commerce or in the production of goods for commerce, the statutory requirement of overtime compensation of time and one half

the regular rate of pay. Therefore, Defendants are liable for unpaid overtime wages under Section 17 of the Act. For example, from at least May 10, 2014 through at least April 29, 2017:

    A. SX, Mitnick, and McKean knowingly paid individuals who performed work for SX the same hourly rate for all hours worked in a given work week, even when these hours exceeded forty. Such individuals often worked hours ranging from 49 to 65 hours in a workweek;

    B. SX and Mitnick reviewed, approved, and paid invoices from McKean that billed the same rate for all hours worked, even when an employee worked over forty hours in a given work week;

    C. SX and Mitnick made no effort to determine whether McKean was properly classified as an independent contractor;

SX, Mitnick, and McKean made no effort to determine whether individuals performing construction and maintenance work were properly classified as independent contractors.

9. Defendants willfully and repeatedly violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of many of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516; specifically, Defendants failed to keep accurate records of hours worked by and wages due to many of their employees. For example, Defendants failed to make, keep, and preserve complete time records for their employees working as laborers, welders, painters, and performing other construction and maintenance work.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of May 10, 2014 through April 29, 2017, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after April 29, 2017, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint; or

(3) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Post Office Address:

Oscar L. Hampton III
Regional Solicitor
Office of the Solicitor
U. S. Department of Labor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5130
(215) 861-5162 (fax)
zzsol-phi-docket@dol.gov

Nicholas C. Geale
Acting Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

/s/ Elaine M. Abdoveis
Elaine M. Abdoveis
Attorney
PA ID #311468
abdoveis.elaine.m@dol.gov

/s/John A. Nocito
John A. Nocito, Attorney
PA Bar ID 87973
nocito.john@dol.gov

U.S. DEPARTMENT OF LABOR

Date: June 30, 2017

Attorneys for Plaintiff