## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE SCALIA, *Secretary of Labor*, | ) | |
| | ) | |
| Plaintiff, | ) | 2:17-cv-880 |
| | ) | |
| v. | ) | |
| SX MANAGEMENT, LLC, *a limited* | ) | District Judge Marilyn J. Horan |
| *liability corporation doing business as* | ) | Magistrate Judge Maureen P. Kelly |
| STOREXPRESS, STEVEN MITNICK, | ) | |
| *individually, and as President and/or* | ) | |
| *owner of SX Management, LLC*, and | ) | |
| EDMOND MCKEAN, *individually and* | ) | |
| *as an employee of SX Management, LLC*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| EDMOND MCKEAN, *individually and* | ) | |
| *as an employee of SX Management, LLC*, | ) | |
| | ) | |
| Cross Claimant, | ) | |
| | ) | |
| v. | ) | |
| STEVEN MITNICK, | ) | |
| *individually, and as President and/or* | ) | |
| *owner of SX Management, LLC*, and | ) | |
| SX MANAGEMENT, LLC, *a limited* | ) | |
| *liability corporation doing business as* | ) | |
| STOREXPRESS, | ) | |
| Cross Defendants. | ) | |

### Memorandum Opinion

This case was originally referred to United States Magistrate Judge Maureen P. Kelly for

pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A) and

(B), and Rule 72 for the Local Rules for Magistrate Judges. On June 16, 2021, Judge Kelly

issued a Report and Recommendation, recommending that the Court deny in part and grant in

part the Defendants', SX Management, LLC and Steven Mitnick (SX Defendants), Motion for

Partial Summary Judgment. (ECF No. 122). Judge Kelly recommended that the Court deny the

SX Defendants' Motion for Partial Summary Judgment with respect to the claims asserted by the

1

Plaintiff, Secretary of Labor Eugene Scalia, on behalf of Defendant-Cross Claimant Edmond

McKean and she recommended granting the Motion for Partial Summary Judgment with respect

to the cross-claim asserted by Mr. McKean.  (ECF No. 122).  The SX Defendants filed timely

written Objections to the Magistrate Judge's recommendation that Mr. McKean can be classified

as both an employer and employee under the Fair Labor Standards Act (FLSA).  (ECF No. 123).

The Secretary of Labor filed a timely Response to those Objections.  (ECF No. 126).  In

addition, Defendant-Cross Claimant Mr. McKean filed a Response to Judge Kelly's Report and

Recommendation and to the SX Defendants' Objections.  (ECF No. 127).  In said Response, Mr.

McKean voluntarily consented to the dismissal of his cross-claim against the SX Defendants in

its entirety.  (ECF No. 127).  As such, based upon Mr. McKean's consent to the dismissal of his

cross-claim against the SX Defendants, said cross-claim will be dismissed with prejudice.

For the reasons that follow, and after *de novo* review, the Court finds that the written

Objections do not undermine Judge Kelly's recommendation.  The Court will adopt the Report

and Recommendation as the Opinion of the Court as regards the claims asserted by the Secretary

on behalf of Mr. McKean.  The Court will not adopt the Report and Recommendation as regards

the SX Defendants' Motion for Partial Summary Judgment concerning Mr. McKean's cross-

claim for retaliation, because said claim is being dismissed with prejudice.  Said Motion for

Partial Summary Judgment will be denied as moot.

I.      **Discussion**

The filing of timely objections requires the district judge to "make a de novo

determination of those portions of the report . . . to which objection is made."  28 U.S.C. §

636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3).

The SX Defendants have articulated two Objections to the Magistrate Judge's Report and

Recommendation for why Mr. McKean cannot be simultaneously classified as both an employer and an employee under the FLSA.  Initially, the Court finds no error in the Magistrate Judge's application of the standard of law.  As for the specific Objections, each will be addressed in turn.

### a.   Mr. McKean Can Be Both an Employer and Employee Under the FLSA

The SX Defendants object, arguing that the FLSA prohibits Mr. McKean from being classified as both an employer and an employee in the context of the present lawsuit. (ECF No. 123, at 5).  Judge Kelly reasoned that Mr. McKean can be both an employer and an employee because he acted as both an employer of the Schedule A employees and as an employee of SX Management.  (ECF No. 122, at 19).  The Schedule A employees were employees of a separate company owned by Mr. McKean.  (ECF No. 122, at 3-4).  There is no prohibition under the FLSA or any applicable caselaw that prevents an individual from being both an employer and an employee under the FLSA.  (ECF No. 122, at 13).  Judge Kelly correctly recommended that there is no limitation within the FLSA that prevents Mr. McKean from being simultaneously classified as both an employer and an employee in the circumstances of this case.  (ECF No. 122, at 13).  Mr. McKean acted as a supervisory employee at SX Management, and as the Secretary of Labor points out in his Response to the SX Defendants' Objections, a supervisory employee can be considered both an employer and employee under the FLSA.  (ECF No. 126, at 2).  The SX Defendants cited no case law, other than what they cited in their initial Briefings, to support their argument that Mr. McKean cannot be classified as both an employer and an employee under the FLSA.  As such, the SX Defendants' Objection, arguing that Mr. McKean cannot be both an employer and an employee simultaneously under the FLSA, will be overruled.

**b. The Magistrate Judge Correctly Considered Analogous Case Law in Reaching Her Decision**

The SX Defendants next object that Judge Kelly erred in failing to correctly consider applicable FLSA and Title VII caselaw in reaching her decision. (ECF No. 123, at 7). In her Report and Recommendation, Judge Kelly discussed the case of *Whited v. The New Café at Greystone Gardens*, Civil Action No. 3:18-1811, 120 WL 1271681 (M.D. Pa. Mar. 17, 2020); however, she correctly recommended that the *Whited* holding does not apply to the present case. (ECF No. 122, at 15-17). *Whited* only applies within the context of tip sharing employment circumstance. Judge Kelly also correctly observed that the definition of an employee under Title VII is different from the definition of an employee in the FLSA context. (ECF No. 122, at 18). Because Judge Kelly's Report and Recommendation considered and correctly ruled upon factors to distinguish the *Whited* and Title VII cases raised by the SX Defendants, the SX Defendants' Objections are overruled.

## II.     Conclusion

Following a thorough review of the record, the Court concurs with and accepts Judge Kelly's Report and Recommendation. The SX Defendants' Motion for Partial Summary Judgment will be denied as to the issue of whether Mr. McKean can be both an employer and employee under the FLSA. The SX Defendant's Motion for Partial Summary Judgment will be denied as moot with respect to Mr. McKean's dismissed cross-claim against the SX Defendants. A separate Order to follow.

DATE:  July 20, 2021

Marilyn J. Horan
United States District Judge

cc:      Honorable Maureen P. Kelly
          United States Magistrate Judge

          All Counsel of Record via CM-ECF